## Case No. 6,965.
### HYDE v. BAKER.

[Cited in Crane v. Morrison, Case No. 3,355. Nowhere reported; opinion not now accessible.]

## Case No. 6,966.
### HYDE v. BANCROFT.

[The case reported under above title in 8 N. B. R. 24, is the same as Case No. 14,513.]

HYDE (BLEEKER v.). See Case No. 1,537.

## Case No. 6,967.
### HYDE v. COHEN et al.
[11 N. B. R. (1874) 461.] [1]
#### District Court, S. D. New York.

BANKRUPTCY — FRAUDULENT TRANSFER OF STOCK.

A bill was filed against C., alleging that the bankrupt had fraudulently put into C.'s hands certain sums of money which, after the adjudication, was used to purchase a number of shares in a sewing machine company, and praying that the plaintiff, as assignee, may be declared to be entitled to the stock as assets of the bankrupt's estate. *Held*, that plaintiff is entitled to a decree; that the defendant C. vest in the plaintiff the title to the stock in question, and pay the cost of this suit.

[This was a suit by Charles H. Hyde, assignee, against Abraham Cohen and others, for the recovery of certain shares of stock.]

G. A. Seixas, for plaintiff.
R. S. Newcombe, for Cohen.

BLATCHFORD, District Judge. The bill claims that the bankrupts fraudulently put into the hands of the defendant Cohen certain sums of money which he, after the adjudication in bankruptcy, and before the commencement of this suit, paid out, at their request, for the purchase of seven hundred and twenty-five shares of the New York Shuttle Sewing Machine Co., certificates for which he holds. The bill prays that the plaintiff may be declared to be entitled to the stock, as assets of the estate of the bankrupts, and that he may recover the same from the defendant Cohen. I think the plaintiff has established such claim by the evidence; and as it appears that the defendant Cohen has certificates for the seven hundred and twenty-five shares still in his possession, certificates for five hundred and fifty of them being in his own name, and certificates for one hundred and seventy-five of them being transferred thereon to him in blank, the plaintiff is entitled to a decree that the defendant Cohen vest in the plaintiff the title to the seven hundred and twenty-five shares, and pay the costs of this suit. The decree will also declare that, as against the plaintiff, the

bankrupts and Cohen have no title to the stock, or to the moneys with which it was purchased.